IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dennis F. Sanders, | ) |
| | ) Civil Action No. 4:18-cv-02877-JMC |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER AND OPINION** |
| | ) |
| Warden Williams, | ) |
| | ) |
| Respondent. | ) |

Petitioner Dennis F. Sanders, proceeding *pro se* and *in forma pauperis*, filed for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Habeas Petition"). (ECF No. 1.) The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 16.) For the reasons below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 16) and **DISMISSES** Petitioner Dennis F. Sanders' Habeas Petition (ECF No. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 1, 2011, Petitioner pled guilty to charges for trafficking methamphetamine. (ECF No. 1 at 1-2). Petitioner's conviction became final on September 11, 2011 when Petitioner did not seek further direct review. (ECF No. 16 at 1.) On May 23, 2012, Petitioner filed his PCR in the lower court. (*Id.*) He appealed the PCR decision, and on October 31, 2017, remittitur was filed. (*Id.* at 1-2.) Petitioner filed a Habeas Petition on October 24, 2018. (ECF No. 1.) The Magistrate Judge issued the Report on January 8, 2019, recommending dismissal because the Habeas Petition is time-barred. (ECF No. 16.) The Magistrate Judge determined that the "delivery date" of the Habeas Petition is September 11, 2018. (ECF No. 16 at 4 (citing *Houston v. Lack*, 487 U.S. 266, 270-76 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court)).) The court observes that the Report provides the following

1

periods of "untolled" time:

> September 11, 2011 (liberally construed, the date upon which Petitioner's conviction became final, SCACR Rule 203) to May 23, 2012 (the filing date of Petitioner's first state PCR action) (255 days)
>
> October 31, 2017 (liberally construed, the date the lower court received the remittitur on Petitioner's PCR action)2 to September 11, 2018 (*the Houston v. Lack* delivery date of the instant Petition) (315 days)

(ECF No. 16 at 4.) Stated differently, the Magistrate Judge concluded that "the Petitioner has over [five-hundred] (500) days of untolled time. This aggregate time period exceeds the one-year statute of limitations of 28 U.S.C. § 2244(d). (ECF No. 16 at 5 (citing *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). Petitioner filed timely objections to the Report on February 21, 2019.[1] (ECF No. 19.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *See also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error

---

[1] The record shows that the court granted Petitioner's Motion for Extension of Time (ECF No. 18), allowing him twenty-four (24) additional days to file objections to the Report. (ECF No. 22.)

on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. ANALYSIS

A. First Objection

Petitioner "objects to [the Habeas Petition] being dismiss[ed] on the grounds of Ineffective Assistance of trial counsel." (ECF No. 19 at 3.) Specifically, Petitioner claims that:

> counsel did not file [a] timely appeal before September 11, 2011 . . . fail[ed] to advise Petitioner of the one-year statute of limitations to file [Post-Conviction Relief] and [a Habeas Petition] . . . [and] also failed to explain to Petitioner that the one-year period does not run, i.e., 'is tolled' during the time period that a direct appeal and a Post-Conviction Relief application are pending.

(*Id.* at 4-5.) Petitioner also filed a letter stating that "his appellate defense attorneys told him he had one year from the 'decision from my Appeals to file my Petition.'" (ECF No. 16 at 3 (citing ECF No. 8).)

3

B. Second Objection

Petitioner "objects to [the Habeas Petition] being dismiss[ed] on the grounds of extraordinary circumstances beyond his control that prevented Petitioner from filing on time in 2017-2018." (ECF No. 19 at 6.) Specifically, Petitioner claims that the "one-year statute of limitations is subject to equitable tolling which could extend the final date for filing." (*Id.* at 7). The alleged extraordinary circumstances that prevented Petitioner from timely filing an appeal are as follows:

> In January of 2017 while at McCormick Correctional Institution [Petitioner] was stabbed several times and thereafter was placed in lock up for his protection. [Two] gang organizations[,] the G's and the Crips[,] tried to kill [Petitioner] . . . which ended in [him] being place[d] in lock up in RHU for eight months, going from institution to institution . . . [Petitioner] was release[d] from RHU to General Population at Broad River Correctional Institution on or about September 2017. The gang organization started a riot in [Petitioner's] dorm . . . [Petitioner] was placed back in RHU for his protection . . . [e]ven after being place[d] into [protective custody], the gang member[s] still had Petitioner stabbed three times on or about September 27, 2018 . . . .

(*Id*. at 7-8.)

C. The Court's Review

The Magistrate Judge concluded that "Petitioner has made no allegations regarding equitable tolling or timeliness," and therefore the Habeas Petition should be dismissed because it is barred by the statute of limitations. (ECF No. 16 at 6 (citing *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002); *Day v. McDonough*, 547 U.S. 198 (2006)).) The court agrees.

"As a general matter, principles of equitable tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations." *Harris*, 209 F.3d at 328 (citing *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987)). A Habeas Petition statute of limitations is subject to equitable tolling if Petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

4

his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Here, as to Petitioner's first objection, "mistake of counsel does not serve as a ground for equitable tolling" and "unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling." *Burns v. Beck*, 349 F. Supp. 2d 971, 974 (M.D.N.C. 2004). Furthermore, as to Petitioner's second objection, "prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling." (ECF No. 16 at 5 (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000). Petitioner has failed to show an extraordinary circumstance beyond his control that made it impossible to timely file an appeal over a span of nearly two years. Consequently, the court finds that the Habeas Petition is time-barred by the statute of limitations.

### IV. CONCLUSION

For the reasons above, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 16) and **DISMISSES** Petitioner Dennis F. Sanders' Habeas Petition (ECF No. 1) with prejudice and without requiring Respondent Warden Williams to file a return.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of

appealability has not been met.

    **IT IS SO ORDERED.**

                                                    United States District Judge

October 17, 2019
Columbia, South Carolina